Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1413 | **DATE** | 3/27/08 |
| **CASE TITLE** | Michael E. Anderson (#2007-0082948) vs. Paul Howard, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

  The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that he was wrongfully arrested after three private citizens assaulted him.

  The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his inmate trust fund account and his account statement reflects no income in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

mjm

## STATEMENT (continued)

However, the plaintiff must submit an amended complaint, as the pleading on file does not state a federal cause of action against any named defendant. The thrust of the complaint is that three individuals attacked and badly beat the plaintiff after he sought shelter on private property evidently belonging to one of the men. However, in order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Here, the plaintiff has not articulated a constitutional violation in connection with the assault, nor has he suggested that the alleged assailants were state actors or officials. If the plaintiff wishes to sue the men who attacked him for battery, he must do so in state court.

The plaintiff seems to allege that he was wrongfully arrested following the altercation, but the complaint specifically indicates that defendant Howard, the only named police detective, was not the arresting officer. The plaintiff must submit an amended complaint indicating how defendant Howard personally and directly violated the plaintiff's constitutional rights.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should drop the private individuals as defendants and should set forth the basic facts indicating how the police officer[s] named as defendants in the amended complaint violated the plaintiff's constitutional rights.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint. The defendants listed in the caption should be identical to the defendants listed in the "Parties" section on page two of the complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.

**(CONTINUED)**