Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1413 | DATE | 5-19-08 |
| CASE TITLE | Michael E. Anderson (2007-0082948) v. Paul Howard | | |

**DOCKET ENTRY TEXT:**

Plaintiff's letters to the Court [7], [8] are construed as a motion for an extension of time to comply with the Court's 3/27/08 order. The Court grants the motion. Plaintiff is given 30 days from the date of this order to submit an amended complaint in accordance with the 3/27/08 order. Failure to submit an amended complaint will result in dismissal of this case.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

   Plaintiff, Michael Anderson (2007-0082948), an inmate at Cook County Jail, has submitted two letters to the Court indicating his desire to proceed with his suit and stating that he has been unable to locate the names of the arresting officers. As stated in its March 27, 2008 order, if plaintiff wants to proceed with this action in federal court, he must submit an amended civil rights complaint, using the amended complaint form provided to him. Plaintiff should name the officers involved and state the claim he seeks to assert against them. The letters submitted by plaintiff do not suffice as an amended complaint. Plaintiff may be able to obtain assistance from his attorney in his criminal proceedings.
   If plaintiff seeks to sue the individuals who assaulted him, such allegations do not state a claim for relief in federal court but may support a claim in state court. If plaintiff seeks to sue the arresting or other officers for false arrest or another constitutional violation, plaintiff should, in the amended complaint form, name the individual officer and provide sufficient information about the claim to afford the defendant the opportunity to respond. If plaintiff does not know the name of the officer, he may refer to the defendant as "John Doe" and also name as a defendant a supervisory official who may be able to provide the unknown officer's identity. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Once an attorney appears for the supervisory official named as defendant, plaintiff may conduct limited discovery to learn the identity of the unknown officer and then file another amended complaint to substitute the officer as defendant for the supervisory official.

isk